UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
FILE NO. 1:17-cv-928

| | |
|---|---|
| COLONY INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT FOR** |
| ) | **DECLARATORY JUDGMENT** |
| SHIPP'S FIRE EQUIPMENT SALES ) | |
| AND SERVICE, INC. and ) | |
| SHIPP'S FIRE EXTINGUISHER SALES ) | |
| AND SERVICE, INC., ) | |
| ) | |
| Defendants. ) | |

**COMES NOW** Plaintiff, Colony Insurance Company ("Colony"), by and through counsel, and pursuant to Rule 57 of the Federal Rules of Civil Procedure and the provisions of 28 U.S.C. § 2201, and alleges and says:

**Preliminary Statement**

1. Pursuant to 28 U.S.C. § 2201, Colony seeks a declaratory judgment and adjudication concerning the rights, obligations and liabilities of the parties under a certain policy of insurance with respect to claims that have been asserted against Shipp's Fire Extinguisher Sales and Services, Inc. by David Wichnoski, O.D., P.A. d/b/a Spectrum Eye Care and Wichnoski RE, LLC ("Wichnoski"), among others, in a civil action captioned, "*David Wichnoski, O.D., P.A. d/b/a Spectrum Eye Care and Wichnoski RE, LLC vs. Piedmont Fire Protection Systems, LLC and Shipp's Fire Extinguisher Sales and Services, Inc.*" Civil Action No. 15-CvS-17267, pending in the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina (the "Underlying Lawsuit").

**Jurisdiction**

2. Jurisdiction over the claims contained herein is invoked pursuant to 28 U.S.C. § 1332(a)(1) and (c) in that there is complete diversity of citizenship between the Plaintiff and all Defendants and the amount in controversy exceeds the sum of $75,000.00.

**Venue**

3. This action properly lies in the U.S. District Court for the Middle District of North Carolina pursuant to 28 U.S.C. § 1391(a)(1) and (2) because the Defendants all reside in the same state and in this judicial district, and because a substantial part of the events giving rise to this declaratory judgment occurred in this judicial district. Specifically, the insurance policy at issue in this action (described below) was issued to Defendants in this judicial district.

**Parties**

4. Colony is, and at all times mentioned herein was, a corporation duly organized and existing under the laws of the Commonwealth of Virginia, with its principal place of business in the Commonwealth of Virginia, and is licensed and authorized to engage in the business of insurance in the State of North Carolina.

5. Upon information and belief, Defendant Shipp's Fire Equipment Sales and Services, Inc. ("Shipp's Fire Equipment Sales") is an unincorporated business operating in the State of North Carolina, with its principal place of business located at 52 Wilshire Ave. SW, Concord, North Carolina.

6. Upon information and belief, Defendant Shipp's Fire Extinguisher Sales and Services, Inc. ("Shipp's Fire Extinguisher Sales") is a corporation duly organized and existing under the laws of the State of North Carolina, with its principal place of business located at 52 Wilshire Ave. SW, Concord, North Carolina, and a registered agent, Steven A. Shipp, P.O. Box 1641, Concord, North Carolina 28026-1641.

7. Shipp's Fire Equipment Sales and Shipp's Fire Extinguisher Sales will be collectively referred to herein as "Shipp's Fire".

## Facts

8. Upon information and belief, on January 8, 2014, a failure of a fire sprinkler pipe in the attic of an office building located at 7615 Colony Road, Charlotte, North Carolina (the "Building") resulted in damage to the Building as well as to the personal property of several tenants, including Wichnoski.

9. On September 18, 2015, Wichnoski filed the Underlying Lawsuit against Shipp's Fire Extinguisher Sales, among others, alleging that prior to the alleged failure of the sprinkler pipe in the Building, Shipp's Fire Extinguisher Sales performed inspections of the sprinkler system in the Building. A true and accurate copy of the Complaint filed in the Underlying Lawsuit is attached hereto as **Exhibit 1** and incorporated herein by reference.

10. Upon information and belief, Shipp's Fire was hired by the owner of the Building (Colony Professional Center) to inspect the sprinkler system at the Building, and Shipp's Fire did in fact inspect the Building on August 2, 2012 and on November 20, 2013.

11. Upon information and belief, during these inspections, Shipp's Fire drained the sprinkler system at the first floor level of the Building.

12. It is alleged in the Underlying Lawsuit that Shipp's Fire Extinguisher Sales is liable for the damages resulting from the failure of the sprinkler pipe on January 8, 2014 because Shipp's Fire Extinguisher Sales was negligent in failing to properly inspect, test, or repair the sprinkler system at the second floor of the Building.

13. Colony issued to Shipp's Fire Equipment Sales, as the named insured, a commercial general liability policy of insurance, policy no. MP3971296, with effective dates from June 22, 2013 to June 22, 2014 (the "Policy").

14. Shipp's Fire Extinguisher Sales tendered the Underlying Lawsuit to Colony for a defense and indemnity under the Policy, and Colony has been providing a defense to Shipp's Fire Extinguisher Sales in the Underlying Lawsuit under a full and complete reservation of rights to disclaim all coverage under the Policy, including the right to deny a duty to defend or indemnify, and also the right to rescind the Policy based upon material misrepresentations in the application submitted by Shipp's Fire for the issuance of the Policy.

**FIRST CLAIM FOR RELIEF**
**(Rescission of the Policy)**

15. Colony incorporates by reference the preceding paragraphs as if fully set forth herein.

16. On June 13, 2013, Shipp's Fire submitted a "Commercial Insurance Application" to Colony for the Policy (the "Application"). A true and accurate copy of the Application is attached hereto as **Exhibit 2** and is incorporated herein by reference.

17. Upon information and belief, Vernie Shipp, or an agent on behalf of Vernie Shipp or Shipp's Fire, signed and submitted the Application as an officer or agent of Shipp's Fire, "certif[ying] that all information [in the Application] is accurate to the best of my knowledge."

18. On the "Applicant Information Section" of the Application, Shipp's Fire described the "Nature of Business" for Shipp's Fire as follows: "sales + service + inspection of fire extinguishers + automatic extinguishing systems (**No Sprinklers**)." (emphasis added)

19. Further, in the Application, Shipp's Fire described the "type of work" performed by Shipp's Fire as follows: "Inspection + refill of fire extinguishers including servicing of Ansul systems."

20. Contrary to the above-referenced representations made by Shipp's Fire in the Application, Shipp's Fire was engaged in performing services on sprinkler systems at and prior to the time that the Application was submitted by Shipp's Fire for the issuance of the Policy

and Shipp's Fire was also engaged in performing services on sprinkler systems during the period of time that the Policy was in effect.

21. The above-referenced statements or omissions in the Application were material misrepresentations made by Shipp's Fire to Colony prior to the issuance of the Policy, in violation of the terms of the Policy and in violation of North Carolina law.

22. The above-referenced misrepresentations were material because they affected Colony's underwriting of the Policy in that Colony would not have issued the Policy on the same terms and conditions (or at all) had Colony been aware of the fact that Shipp's Fire was performing services on sprinkler systems

23. Colony has rescinded or voided *ab initio* the Policy based upon the above-referenced material misrepresentations made by Shipp's Fire in the Application, and returned all premiums paid by Shipp's Fire to Colony for the issuance of the Policy.

24. Accordingly, the Policy does not provide coverage for the claims or damages sought in the Underlying Lawsuit because the Policy has been rescinded or voided *ab initio* due to material misrepresentations in the Applications submitted by Shipp's Fire prior to the issuance of the Policy, in violation of the terms of the Policy and in violation of North Carolina law.

25. This action is ripe for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure as authorized by 28 U.S.C. § 2201. A final ruling by this Court will determine the rights and obligations of the parties and will settle the controversy between them as to these insurance coverage issues.

26. Accordingly, Colony requests this Court to declare the relative rights, duties and obligations of the parties to this action under the Policy with regard to the claims asserted in the Underlying Lawsuit. Specifically, Colony requests this Court to declare that Colony has no

obligation to provide coverage under the Policy, including a duty to defend or indemnify, to Shipp's Fire in the Underlying Lawsuit because the Policy has been properly rescinded or voided *ab initio* based upon the material misrepresentations made by Shipp's Fire in the Application for insurance submitted by Colony prior to the issuance of the Policy.

**WHEREFORE,** Plaintiff Colony Insurance Company respectfully prays the Court as follows:

1. That the Court declare and decree that the Policy is void *ab initio* based upon the material misrepresentations made by Shipp's Fire in the application for insurance submitted by Shipp's Fire prior to the issuance of the Policy in violation of the terms of the policy and North Carolina law;

2. That the Court declare and decree that Colony is not required to defend or to indemnify Shipp's Fire under the Policy in connection with the Underlying Lawsuit;

3. That the costs of this action be taxed against the Defendants;

4. For a trial by jury on all issues so triable; and

5. For such other and further relief as the Court may deem just and proper.

This the 13th day of October, 2017.

/s/ David L. Brown
David L. Brown (N.C. State Bar No. 18942)
David G. Harris II (N.C. State Bar No. 35327)
GOLDBERG SEGALLA LLP
800 Green Valley Road, Suite 302
Greensboro, North Carolina 27408
Telephone: 336.419.4900
Facsimile: 336.419.4950
Email: dbrown@goldbergsegalla.com
dharris@goldbergsegalla.com